```
                                                              FILED
                                                   2019 Mar-13  AM 09:13
                                                   U.S. DISTRICT COURT
                                                       N.D. OF ALABAMA
```

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| PENNY CHANDLER on behalf of BC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:17-cv-2053-LCB |
| ) | |
| SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| COMMISSIONER, ) | |
| ) | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Penny Chandler filed a complaint (doc. 1) on behalf of her minor child, BC. Plaintiff seeks judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("the Commissioner") pursuant to 42 U.S.C. § 405(g). The Court has reviewed the pertinent record and the parties' briefs.[1] For the reasons stated below, the Court finds that the final decision of the Commissioner should be affirmed.

It is the duty of the Court to review the decision of the ALJ and not re-weigh the evidence or substitute its decision for the ALJ's. In particular, the Court must affirm the ALJ's decision if it is supported by substantial evidence, even if there is

---

[1] Plaintiff's reply brief appears to be copied entirely from her principal brief. The purpose of a reply brief is to respond to arguments raised in the response in a way that is helpful to the Court. It goes without saying that a reply brief that is copied and pasted from a principal brief is neither responsive nor helpful to the Court. Plaintiff's counsel shall refrain from this practice in the future when appearing before this Court.

1

evidence to supports the opposite conclusion. The Court must also determine whether the ALJ applied the correct legal standards.

The Social Security Administration has established a three-step sequential evaluation process to determine whether an individual under the age of 18 is disabled. 20 C.F.R. 416.924(a).[2] First, the ALJ must determine whether the child is engaged in substantial gainful activity. *Id*. Second, the ALJ must determine whether the child has a medically determinable impairment, or a combination of impairments, that are severe. *Id*. Third, the ALJ must determine whether the child has an impairment or combination of impairments that meets or medically equals the severity of a listing or that functionally equals a listing. *Id.* In determining whether an impairment or combination of impairments functionally equals a listing, the ALJ must assess the child's functioning in six areas: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objections; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. 416.926a(b)(1).

To functionally equal a listing, the child's impairment or combination of impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. *Id*. at 416.926a(a). A child has a "marked" limitation in a domain when his impairments interfere seriously with his ability to

---

[2] Because the ALJ's decision was issued on December 21, 2016, the Court cites to the Social Security regulations in effect until March 27, 2017.

independently initiate, sustain, or complete activities. *Id*. at 416.926a(e). "Marked" limitation also means a limitation that is more than moderate but less than extreme. *Id*. A child has an "extreme" limitation in a domain when his impairments interfere very seriously with his ability to independently initiate, sustain, or complete activities. *Id*. "Extreme" is more than "marked" and is the rating given to the worst limitations. *Id*. In deciding whether a child has a "marked" or "extreme" limitation, the ALJ considers all relevant information in the case record about how a child's functioning is limited because of his impairments. *Id*. at (f)(1); 20 C.F.R. 416.924a.

Here, the ALJ found that BC had not engaged in substantial gainful activity since the alleged onset date, July 24, 2014. (R. 18). The ALJ also found that BC had the following severe impairments: depression; anxiety; attention deficit hyperactivity disorder; and oppositional defiant disorder. (*Id*.). The ALJ determined that BC did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at 20). The ALJ then determined that BC did not have an impairment or combination of impairments that functionally equaled the severity of a listing. (*Id*. at 21). In doing so, the ALJ found that BC had (1) less than marked limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3)

3

marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) no limitation in the ability to care for himself; and (6) less than marked limitation in health and physical well-being. (*Id*. at 23-28).

Plaintiff contends that (1) the ALJ committed reversible error by incorrectly assessing the opinion evidence from consultative examiner, Jack Bentley, Ph.D., LPC, and by substituting his own opinion for that of the medical experts; and (2) the Appeals Council failed to provide an opportunity for plaintiff to submit new legal arguments after obtaining counsel. Plaintiff's brief consists of a restatement of the record evidence and case law with no application to the facts at hand. Nonetheless, the Court will attempt to address each of plaintiff's arguments in turn.

1. **ALJ's consideration of Dr. Bentley's opinion and substitution of his own opinion for that of medical experts**

Plaintiff argues that the ALJ failed to state with at least "some measure of clarity" grounds for repudiating the opinion of Dr. Bentley. (Doc. 13, p. 2). Plaintiff relies on *McClurkin v. Soc. Sec. Admin*., 625 F. App'x 960 (11th Cir. Sept. 4, 2015), in support of this argument. In *McClurkin*, the Eleventh Circuit found that the ALJ must state with particularity the weight given to different medical opinions and the reasons for same. *Id*. at 962. The Eleventh Circuit noted that, in the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim was rational and

4

supported by substantial evidence. *Id*. The Eleventh Circuit stated, "Therefore, when the ALJ fails to state with at least some measure of clarity the grounds for his decision, we will decline to affirm simply because some rationale might have supported the ALJ's conclusion." *Id*. (internal citation and quotation marks omitted). The Eleventh Circuit then concluded that the ALJ erred in failing to clearly articulate weight given to a non-treating physician. *Id*. at 962-63.

*McClurkin* does not help plaintiff here. This is because the ALJ clearly considered the opinion of Dr. Bentley and expressly gave it partial weight due, in part, to the fact that Dr. Bentley was not a psychologist, but a licensed professional counselor. Notably, the ALJ also recognized that Dr. Bentley's opinion supported the ALJ's conclusion that BC would have some limitations secondary to his impairments, which was supportive of the ALJ's decision.

Furthermore, there is substantial evidence to support the ALJ's decision to only afford the opinions of Dr. Bentley partial weight. For one, as the ALJ noted, a licensed professional counselor is not an acceptable medical source. 20 C.F.R. 416.913(d). Moreover, Dr. Bentley opined that BC appeared to have moderate to marked impairment level both behaviorally and academically, but that his prognosis was favorable. (R. 351-52). Dr. Bentley also noted, among other things, that BC made good eye contact, had little difficulty communicating, that his psychomotor skills were intact, and that there was no limitations in his receptive or

expressive communication skills. (*Id*. at 350). Indeed, the ALJ did find that BC had marked limitation in interacting and relating with others, which is supported, in part, by Dr. Bentley's decision. As the ALJ noted, no treating, examining, or reviewing physician indicated that BC was disabled or otherwise unable to function in a generally age appropriate manner across the domains at issue. And, with respect to BC's mental impairments, the ALJ found that they had been amenable to treatment and had not significantly curtailed BC outside the home.

Nor does another case cited by plaintiff, *Winschel v. Commissioner of Soc. Soc.*, 631 F.3d 1176, 1179 (11th Cir. 2011), help BC's case. In *Winschel*, the Eleventh Circuit reversed the decision of the ALJ for failing to consider the opinion of a treating physician and give it weight. Dr. Bentley was not a treating physician and was therefore not entitled to "substantial or considerable weight." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (internal quotation marks and citation omitted). As the Court has noted, Dr. Bentley was a consultative examiner, a licensed professional counselor, who saw plaintiff one time. Nonetheless, the ALJ expressly addressed the opinions of Dr. Bentley and assigned them weight.

Plaintiff also conclusorily argues that the ALJ substituted his opinion for that of the medical experts. In particular, plaintiff relies on *Wilder v. Chater*, 64 F.3d 335 (7th Cir. 1995), and its progeny to support his bald assertion. In *Wilder*, the

6

ALJ ignored the only medical opinion of record, an opinion from a state agency appointed psychiatrist. Again, this case provides no aid to BC. The ALJ in this case did not ignore the only medical opinion of record. Rather, the ALJ considered the medical opinions of record and gave them weight. For example, the ALJ gave substantial weight to the October 2014 opinions of Dr. Robert Estock, M.D., a state agency psychiatric consultant and Dr. Richard Whitney, M.D., a state agency pediatric consultant. Those doctors opined that BC had less than marked limitation in the domain of acquiring and using information; less than marked limitation in the domain of attending and completing tasks; less than marked limitation in the domain of interacting and relating with others; no limitation in the domain of moving about and manipulating objects; no limitation in the domain of caring for oneself; and less than marked limitation in the domain of health and physical well-being. (R. 22-23). The ALJ found that these opinions were well supported by the medical evidence, but that the more recent reports and records indicated that BC still had marked problems and limitations in the domain of interacting and relating with others. (*Id*. at 23). Thus, the ALJ performed his duty to weigh the evidence and resolve any inconsistences.

Nor did the ALJ provide lay interpretation of any of the medical opinions. When discussing the six functional equivalence domains, the ALJ not only relied on the opinions of Dr. Bentley, Dr. Estock, and Dr. Whitney, but he also referred to

7

BC's school records, medical records, treatment records, functional reports from his mother, domestic violence and law enforcement reports, and considered side effects of medications.

Finally, plaintiff asserts that if there were any question about the validity of Dr. Bentley's evaluation and opinion, the ALJ should have sought another consultative examination. The ALJ was not required to order a consultative examination unless he could not make an informed decision based on the record before him. *Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001). The Court does not find that the ALJ committed error in this regard. The ALJ did not ignore Dr. Bentley's evaluation completely; rather, the ALJ gave it partial weight. Furthermore, the ALJ pointed to the opinions of state-agency doctors, as well as the treatment records, law enforcement records, school records, and functional reports from BC's mother, among other things, in determining that BC was not disabled.[3]

In sum, the Court disagrees with plaintiff and finds that the ALJ did not fail to state with some measure of clarity his decision for repudiating the opinion of Dr. Bentley; did not provide lay interpretation of medical opinions; and did not substitute his own opinion for that of the medical experts. It is the ALJ's duty to

---

[3] Plaintiff asserts that the ALJ improperly rejected the opinions of experts provided by the Commissioner without medical support and without showing good cause. (Doc. 13, p. 17). Plaintiff does not expound at all on this assertion. The Court therefore deems the argument waived.

consider and evaluate the relevant evidence, which he did here. Therefore, the Court will affirm the decision of the ALJ.

2. **Failure of the Appeals Council to provide opportunity for plaintiff to submit new legal arguments and evidence after obtaining counsel**

Plaintiff asserts that counsel from the firm of Allenstein & Allenstein was hired after BC's claim was denied to handle the appeal. On February 15, 2017, new counsel requested that the Appeals Council permit them sixty days to submit additional evidence. (R. 138). Although the Appeals Council did not respond to counsel's request, it did not render a decision until October 2, 2017, well over sixty days later. (*Id*. at 1). And plaintiff did not submit new evidence.

New counsel also apparently wrote to the Appeals Council on October 25, 2017, requesting that they be permitted to submit a legal brief. (Doc. 13-1). Counsel also claims that the Appeals Council failed to grant it "ERE access." (Doc. 13, p. 30). First, as the Commissioner has noted, plaintiff has not demonstrated that counsel did not receive "ERE access." (Doc 14, p. 17). Furthermore, plaintiff has not requested a remedy for the alleged inaction on the part of the Appeals Council, nor does plaintiff provide the Court with any law regarding same. Plaintiff does not state why the Court has jurisdiction to review any of the alleged actions or inactions by the Appeals Council. Plaintiff does not show how BC has suffered prejudice from the Appeals Council's failure to permit her to submit a legal brief or submit new evidence. As the Commissioner noted,

when the Appeals Council denied plaintiff's request for review of the ALJ's decision, the ALJ's decision became binding. As a result, plaintiff was permitted to file this action and raise with this Court any legal arguments with respect to any error in the ALJ's decision. Consequently, the Court declines to take any action on the basis of these allegations.

Accordingly,

IT IS ORDERED that the decision of the Commissioner is AFFIRMED.

A final judgment will be entered separately.

**DONE** and **ORDERED** March 13, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE